IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
TEXARKANA DIVISION

| | | |
|---|---|---|
| **RODNEY WORLEY,** | § | |
| | § | |
| **Plaintiff,** | § | |
| | § | |
| v. | § | C.A. NO. 5:23-cv-00103 |
| | § | |
| | § | |
| **OCEAN SPRAY** | § | |
| **CRANBERRIES, INC.** | § | |
| | § | **JURY TRIAL DEMANDED** |
| | § | |
| **Defendant.** | § | |

## PLAINTIFF'S ORIGINAL COMPLAINT

Plaintiff, Rodney Worley files this Original Complaint and Jury Demand against Defendant Ocean Spray Cranberries, Inc. alleging willful violation of the Americans with Disabilities Act, 42 U.S.C. §12101, *et seq.*, as amended by the ADA Amendments Act of 2008 ("ADA"), the Texas Commission on Human Rights Act codified in Chapter 21 of the Texas Labor Code. For causes of action, Plaintiff would show the Court as follows:

## I.
## PARTIES, JURISDICTION, AND VENUE

1. Plaintiff Rodney Worley is a resident of Sulphur Springs, Texas.

2. Defendant Ocean Spray Cranberries, Inc. (hereinafter "Ocean Spray") is a foreign corporation which can be served with Citation through its Registered Agent, CT Corp System, 1999 Bryan Street, Suite 900, Dallas, Texas 75201-3136.

3. This Court has jurisdiction to hear the merits of Mr. Worley's claims under 28 U.S.C. §1331 and 42 U.S.C. §12117(a). The Court has supplemental jurisdiction over Mr. Worley's claims arising under Texas statutory law under 28 U.S.C. §1367.

4. Venue is proper in this district and division under 42 U.S.C. §12117(a)

(incorporating 42 U.S.C. §2000e-5(f)(3)) and 28 U.S.C. §1391(b)(1) because the incidents that gave rise to the claims in this case occurred in the Eastern District of Texas.

## II.
## FACTUAL BACKGROUND

5.  Plaintiff worked for Ocean Spray for twenty-seven and one-half years. On April 11, 2019, Plaintiff was awarded 50% VA disability benefits. In August of 2019 Plaintiff renewed disability car tags. Plaintiff parked in handicap parking at Ocean Spray, because he was wearing knee braces.

6.  Plaintiff was called to office to talk to Debbie Johnson (head of HR). Plaintiff was told he could not park there because he didn't have license plates to park there. Plaintiff explained that he had disabled tags on his truck per Texas law. Plaintiff was told that he could not park there because these spaces were for visitors and postman. Plaintiff was also told if he was "disabled" that he could not work in the production area. As a result of the conversation, Plaintiff never parked in the handicap parking spaces again for fear of losing his job.

7.  On May 13, 2022, Plaintiff was awarded 100 percent VA disability. Plaintiff was not informed by VA until on or around August 31, 2022. Plaintiff informed Ocean Spray of his VA disability rating on September 1, 2022.

8.  On September 14, 2022, Plaintiff presented Ocean Spray a copy of his restrictions. Ocean Spray sent Plaintiff's paperwork to corporate office on or around September 16, 2022. Plaintiff was informed on September 22, 2022 that Ocean Spray would not be able to accommodate his restrictions and was terminated from his job at Ocean Spray.

## III.

## CAUSES OF ACTION
### COUNT ONE:

### Discrimination on the Basis of Disability
### in violation of the ADA and TCHRA

9. Defendant violated the Americans with Disabilities Act and the Texas Commission on Human Rights Act by terminating and/or constructively terminating Plaintiff.  42 U.S.C. § 12101 *et seq.;* Texas Labor Code §21.001 *et seq.*

10. Under 42 U.S.C. §12112 and the Texas Labor Code, §21.001 *et seq.*, it is unlawful for an employer to discriminate against any individual with respect to his employment because of that individual's disability.

11. Defendant is an employer under the ADA and the TCHRA.

12. Plaintiff was qualified for and could perform the essential functions of his job at the time Defendant terminated and/or constructively terminated.

13. Plaintiff was terminated and/or constructively terminated as a direct result of his disability.

14. Defendant violated both the ADA and TCHRA by intentionally discriminating against Plaintiff because of his disability by terminating and/or constructively terminating Plaintiff.  Plaintiff's disability was a determining or motivating factor in Defendant's decision to terminate and/or constructively terminate Plaintiff.

15. Alternatively, Defendant violated both the ADA and TCHRA by failing to accommodate Plaintiff's need to take time off for his disability-related medical appointments. Defendant failed to engage Plaintiff in the 'interactive process' in violation of the ADA and TCHRA.

## IV.

## ECONOMIC DAMAGES

16. As a result of Defendant's unlawful conduct, Plaintiff has suffered economic and actual damages, including past and future lost income, back wages, interest on back pay and front pay, future wages or front pay, lost earnings in the past and future, lost benefits under the contract or employment relationship, employment benefits in the past, and employment benefits in the future.

## V.
## COMPENSATORY DAMAGES

17. Defendant intentionally engaged in an unlawful employment practice by discriminating against Plaintiff because of his disability. Plaintiff additionally brings suit for compensatory damages, including emotional pain and suffering, inconvenience, mental anguish, loss of enjoyment of life, injury to professional standing, injury to character and reputation, lost earning capacity in the past and future, and other pecuniary and non-pecuniary losses.

## VI.
## PUNITIVE DAMAGES

18. The conduct committed by Defendant against Plaintiff is the type of conduct demonstrating malice or reckless indifference to the rights of the Plaintiff. Therefore, Plaintiff additionally brings suit for punitive damages.

## VII.

## ATTORNEYS' FEES AND EXPERT FEES

19. A prevailing party may recover reasonable attorneys' and experts' fees. SEE TEX. LAB. CODE §21.259; 42 U.S.C. §2000e-5(k). Plaintiff seeks all reasonable and necessary attorneys' fees in this case, including preparation and trial of this lawsuit, post-trial, pre-appeal legal services, and any appeals. Plaintiff additionally brings suit for expert fees.

## IX.
## JURY DEMAND

20. Plaintiff demands a trial by jury of all the issues and facts in this case and tenders herewith the requisite jury fee.

## PRAYER

WHEREFORE, PREMISES CONSIDERED, Plaintiff requests that:

1. The Court assume jurisdiction of this cause;

2. The Court award Plaintiff damages as specified above;

3. The Court award Plaintiff reinstatement or, in the alternative, front pay;

4. The Court award Plaintiff's reasonable attorneys' and expert fees and costs;

5. The Court award Plaintiff pre- and post-judgment interest at the highest rates allowed.

6. The Court award Plaintiff reinstatement with a requirement of reasonable accommodation, or, in the alternative, that the Court award front pay to the Plaintiff.

Plaintiff further prays for any such other relief as the Court may find proper, whether at law or in equity.

Respectfully submitted,

/s/ *William S. Hommel, Jr.*
William S. Hommel, Jr.
bhommel@hommelfirm.com
State Bar No. 09934250
Hommel Law Firm PC
5620 Old Bullard Road, Suite 115
Tyler, Texas 75703
903-596-7100 Phone/Facsimile

**ATTORNEY FOR PLAINTIFF**